# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CAROLYN JOHNSON, as survivor and Next of kin of EARL WAYNE JOHNSON, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> TERRILL GORDON, MARQUETTA GOLDEN, LORI BEENE, BERNHARD DIETZ, and JOHN BORDEN, <br><br> Defendants. | No. 1:19-cv-1171-STA-tmp |

## ORDER TO SHOW CAUSE

On August 14, 2019, Plaintiff Carolyn Johnson filed a Complaint (ECF No. 1) against Defendants Terrill Gordon, Marquetta Golden, Lori Beene, Bernhard Dietz, and John Borden. The Complaint states that the allegations in this case are related to Plaintiff's claims in the companion case of *Johnson v. CoreCivic et al.*, W.D. Tenn. No. 1:18-cv-01051-STA-tmp, and incorporates in full the entire pleading from the companion case. Since Plaintiff filed suit in August, there has been no further docket activity in the case. Federal Rule of Civil Procedure 4 governs service of process upon the filing of a complaint. Under Rule 4(c)(1), service of the summons and complaint is mandatory, and the plaintiff has the duty to serve the defendant with the summons and complaint within the 90-day time limit set by Rule 4(m). Fed. R. Civ. P. 4(c)(1) & (m). Local Rule 4.1(a) places the duty on a plaintiff to prepare a summons and cause it to issue. Local R. 4.1(a). Unless a defendant waives service of process, Federal Rule of Civil Procedure Rule 4(l) requires a plaintiff to file proof of service with the court. Fed. R. Civ. P.

1

4(l).  If the plaintiff does not serve the defendant within 90 days, Rule 4(m) requires a district court to dismiss the complaint without prejudice or "order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The Court may act "on motion or on its own after notice to the plaintiff."  *Id*.

In this case Rule 4(m)'s 90-day time limit for service on Defendants has now expired, and more than 90 days have passed since the filing of the Complaint.  There is indication from the docket that Plaintiff submitted completed summons to the Clerk of Court to have them issued.  There is no return of summons, server's affidavit, or other evidence on the record to show that Plaintiff has successfully served any Defendant.  No Defendant has answered the Complaint or appeared to defend against Plaintiff's claims.  Now more than 90 days having passed since Plaintiff filed her Complaint, Plaintiff has failed to take any further action to prosecute her claims.  Therefore, Plaintiff is ordered to show cause as to why this case should not be dismissed for failure to effect service within 90 days pursuant to Rule 4(m) or otherwise for failure to prosecute under Rule 41(b).  Plaintiff's show cause response is due on or before December 17, 2019.  Failure to respond by that date will be deemed good grounds to dismiss Plaintiff's case without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: December 4, 2019